IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| WESLEY HAMMOX and<br>CAROLYN HAMMOX,<br><br>Plaintiffs<br><br>v.<br><br>HEARTLAND HOME FINANCE,<br>INC., and COUNTRYWIDE HOME<br>LOANS, INC.,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:04-cv-113 |

**MEMORANDUM OPINION**

This is an action brought under the Truth-in-Lending Act, 15 U.S.C. § 1640(e); the Equal Credit Opportunity Act; the Tennessee Consumer Protection Act, T.C.A. §§ 47-18-101 through 125; and fraud and misrepresentation arising out of the refinancing of plaintiffs' home. Plaintiffs sue the maker of the loan, Heartland Home Finance, Inc. (Heartland), and Countrywide Home Loans, Inc. (Countrywide), the entity which, for purposes of this motion, is considered the current assignee of the underlying note. Currently pending is Countrywide's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Federal

Rules of Civil Procedure [Court File #6]. Because matters outside the pleadings have been submitted and considered by the court, it will be treated as a motion for summary judgment. Rule 12(b), Federal Rules of Civil Procedure. For the reasons that follow, the motion will be granted in part and denied in part.

Initially, plaintiffs concede that they have no evidence that Count III, Count IV, Count V and Count VI have any applicability to Countrywide as an assignee. Accordingly, Countrywide is entitled to summary judgment on those claims. However, plaintiffs contend that Counts I and II apply to Countrywide even as an assignee.

Count I of the amended complaint is brought for alleged violations of the Truth-in-Lending Act, 15 U.S.C. § 1635, and Regulation Z, § 226.23, which requires that each of the plaintiffs were to receive at or before the closing of their home equity loan two copies of his or her right to rescind the transaction in the manner and within the time provided in the Act and Regulation Z. Plaintiffs contend that this did not occur and that the loan closing package given to them contained only two copies of the notice rather than the required four. Such violations, if true, could entitle plaintiffs to recover actual and statutory damages as provided in 15 U.S.C. § 1640(a).

2

The TILA specifically addresses the liability of assignees for violations of the provisions of the Act. Section 1641 of the Act provides that any action which may be brought against a creditor under the Act may be brought against an assignee of such creditor only if the underlying violation is "apparent on the face of the disclosure statement." 15 U.S.C. § 1641(a). The section goes on to give examples of when a violation would be apparent on the face of a disclosure statement: (1) an incomplete or inaccurate disclosure statement or other assigned documents; and (2) a disclosure statement that does not contain certain required terms. *Id.* Thus, only violations that "[a] reasonable person can spot on the face of the disclosure statement or other assigned documents will make the assignee liable under TILA." *Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689, 694 (7th Cir. 1998).

Here the plaintiffs did not claim that the alleged TILA violation is apparent on the face of the disclosure statement or other assigned documents; rather, they simply allege that they did not each receive two copies of the "Notice of Right to Cancel."

The only thing that is apparent from the face of the documents is that plaintiffs signed copies of the Notice of Right to Cancel, and each document contained the following language: "Each of the assigned have now received two Notice of Right to Cancel forms." Thus, as demonstrated by the signatures on the

3

Notice of Right to Cancel, plaintiffs, at least in writing, acknowledged that they had each received two copies of the Notice of Right to Cancel. Because there is no underlying TILA violation apparent on the face of the disclosure statement or any other assigned documents, plaintiffs cannot maintain a claim for statutory liability against Countrywide as an assignee, and Countrywide is entitled to summary judgment on count I of the amended complaint.

Count II of the amended complaint seeks the remedy of rescission of the loan transaction on the basis that, contrary to the written acknowledgment, they did not each receive two copies of the Notice of Right to Cancel. The TILA establishes a right of rescission for any loan transaction in which the borrowers' principal dwelling is used as security. 15 U.S.C. § 1635(a). The rescission period extends until midnight of the third business day following consummation of the loan, delivery of the notice [of right to rescind], or delivery of all material disclosures, whichever occurs last. 12 C.F.R. § 226.23(a)(3). If the proper required notice for material disclosures are not delivered, the right to rescind expires three years after consummation. 12 C.F.R. § 226.23(a)(3). That right to rescind extends even to an assignee.

Countrywide contends that both of the plaintiffs signed acknowledgments that they received two copies of the Notice of Right to Rescind. However, the TILA also provides as follows:

> (c) Notwithstanding the rule of evidence, written acknowledgment of receipt of any disclosures required under this title by a person to whom information, forms, and a statement is required to be given pursuant to this section does no more than create a rebuttable presumption of delivery thereof.

15 U.S.C. § 1635(c).

In this case, the defendants will be entitled at trial to at least a rebuttable presumption that the plaintiffs received two copies of the notice. However, plaintiffs have submitted both of their own affidavits in which they describe the loan documents which were left with them by Heartland. Mr. Hammox' affidavit states the following:

> 8. We have not removed or disposed of any of the papers that were in the packet the young woman left us. We have been through the packet to see what is there. There are two (2), and only two (2), copies of the "Notice of Right to Cancel".

Mrs. Hammox' affidavit states:

5

> 13. We have reviewed the papers that were in the package that the young woman left with us in our home after we signed the mortgage papers on January 9, 2004. The package contains two (2) and only two (2) copies of a "Notice of Right to Cancel".

The court is of the opinion that plaintiffs have raised a question of material fact with respect to whether they may be able to overcome the rebuttable presumption. At this point, summary judgment in favor of Countrywide on count II of the amended complaint would be premature.

The court is aware of cases such as *Williams v. First Government Mortgage & Investors Corporation*, 225 F.3d 738, 751 (D.C. Cir. 2000), in which borrowers failed to overcome the rebuttable presumption solely through their testimony. However, cases such as *Williams* are distinguishable in that plaintiff failed to overcome the presumption at trial rather than in response to a motion for summary judgment. I conclude that plaintiffs in this case have at least raised a question of material fact as to whether they received two copies of the required notice.

In conclusion, Countrywide's motion for summary judgment [Court File #6] will be granted in part and denied in part. With respect to Counts I, III, IV, V and

6

VI of the amended complaint, the motion will be granted. In all other respects, the motion will be denied.

Order accordingly.

*s/ James H. Jarvis*
UNITED STATES DISTRICT JUDGE